IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LATASHA MARSHAY MITCHELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:16cv635-KKD |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Latasha Marshay Mitchell's *pro se* motion for relief under 28 U.S.C. § 2255.  Cv. Doc. 1.[1]

## I.   INTRODUCTION

On March 30, 2015, Mitchell pleaded guilty under a plea agreement to one count of conspiring to defraud the United States with respect to claims, in violation of 18 U.S.C. § 286, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Mitchell's convictions stemmed from her participation in a massive scheme to obtain tax refunds by filing fraudulent tax returns using stolen identities. Her plea agreement contained a provision by which she waived her right to appeal or collaterally attack her conviction and sentence, with exceptions for claims of ineffective assistance of counsel and prosecutorial

---

[1] References to document numbers are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this civil action ("Cv. Doc.") or in the underlying criminal case ("Cr. Doc"), Criminal Case No. 3:14cr15-KKD.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

misconduct. Cv. Doc. 4-2 at 6–7. Following a sentencing hearing on August 7, 2015, the district court sentenced Mitchell to 36 months in prison, consisting of 12 months on the conspiracy count and 24 months on the identity theft count, the terms to run consecutively. Cv. Doc. 4-3 at 2. Mitchell did not appeal.

On July 25, 2106, Mitchell filed this § 2255 motion asserting that she is entitled to a mitigating role reduction to her sentence based on Amendment 794 to § 3B1.2 of the Sentencing Guidelines. For the reasons that follow, the Magistrate Judge recommends that Mitchell's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

## II.  DISCUSSION

### A.  General Legal Standard

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in

*Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

### B. Amendment 794 to U.S.S.G. § 3B1.2

Mitchell contends she is entitled to a retroactive mitigating role reduction to her sentence based on the November 1, 2015 amendment (Amendment 794) to U.S.S.G. § 3B1.2. Cv. Doc. 1 at 4; Cv. Doc. 2.

Section 3B1.2 of the Sentencing Guidelines provides that a defendant's offense level should be decreased as follows:

    (a)    If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

    (b)    If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2.

Amendment 794 amended the Commentary to § 3B1.2 by introducing a list of non-exhaustive factors that a sentencing court should consider when determining whether to apply a mitigating role reduction. The listed factors introduced in Amendment 794 are:

    (i)    the degree to which the defendant understood the scope and structure of the criminal activity;

    (ii)    the degree to which the defendant participated in planning or organizing the criminal activity;

    (iii)    the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

    (iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

    (v)    the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, cmnt. n.3(C).

It is unclear from Mitchell's § 2255 motion whether she seeks a four-level minimal role reduction under § 3B1.2(a), or a two-level minor role reduction under § 3B1.2(b). Mitchell's pleadings refer multiple times to her entitlement to a *minor* role reduction, suggesting that a two-level reduction is the relief she seeks.[2] However, the record reflects that the district court granted Mitchell the two-level minor role reduction at her sentencing, after both the government and Mitchell's trial counsel agreed that Mitchell was entitled to this reduction. *See* Cr. Doc. 526 at 2–3 & 13; Civ. Doc. 4-5 at 28. If it is Mitchell's present contention that she is entitled to a two-level minor role reduction based on Amendment 794, she has already been granted this reduction and is therefore entitled to no further relief.

If Mitchell is seeking a four-level *minimal* role reduction based on Amendment 794 (or a three-level reduction for cases falling between subsections (a) and (b) of § 3B1.2),

---

[2] In her § 2255 motion, Mitchell states her ground for relief as follows: "Petitioner seeks a reduction based on new sentencing Guideline made retroactive under 3B1.1—Minor Role or Minimal Role of 2 to 4 points applied." Civ. Doc. 1 at 4. In her memorandum in support of her § 2255 motion, Mitchell asserts that she should be resentenced "based upon the minor or minimal role adjustment," and then argues more specifically that "a Petitioner such as Ms. Mitchell is entitled to a two-level reduction [if] she 'was a minor participant in any criminal activity,'" citing U.S.S.G. § 3B1.2(b). Civ. Doc. 2 at 3–4. Mitchell concludes her supporting memorandum by stating that she "seeks for this Honorable court to consider the factors pursuant to awarding the minor role to the sentence imposed upon Mitchell." *Id*. at 5. In her reply to the government's response to her § 2255 motion, Mitchell sets forth arguments as to why she should receive a minor role reduction. Civ. Doc. 8 at 2–4.

she is likewise entitled to no relief. Mitchell's written plea agreement contained a waiver provision with the following language:

> DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK
>
> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. The Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct.

Cv. Doc. 4-2 at 6–7, ¶ 12. Since Mitchell does not allege ineffective assistance of counsel or prosecutorial misconduct, the government argues that her instant attack on her sentence, by seeking a mitigating role reduction, is barred by the waiver provision in her plea agreement. Civ. Doc. 4 at 3–4. This court agrees.

An appeal waiver or collateral attack waiver is valid if a defendant enters it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert,* 997 F.2d 1343, 1350–55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *Bushert,* 997 F.2d at 1351.

Here, the magistrate judge who conducted the plea hearing specifically questioned Mitchell about the waiver provision and confirmed that she understood its terms.  Cr. Doc. 525 at 8–9.  Thus, the record reflects—and Mitchell does not disprove—that Mitchell's collateral attack waiver was knowing and voluntary.  *Bushert,* 997 F.2d at 1351.  Consequently, any claim by Mitchell seeking a mitigating role reduction based on Amendment 794 is barred from collateral review by the waiver provision in her plea agreement.

Even if Mitchell's claim is not barred by the waiver provision in her plea agreement, it does not entitle her to relief.  In *United States v. Cruickshank*, 837 F.3d 1182 (11th Cir. 2016), the Eleventh Circuit confirmed that Amendment 794 is a clarifying amendment, meaning that it only clarifies the factors a court should consider for a mitigating role adjustment and did not substantively change § 3B1.2.  *Id*. at 1194; *see* U.S.S.G. Supp. App. C., Amend. 794 ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies.").  In *Burke v. United States*, 152 F.3d 1329 (11th Cir. 1998), the Eleventh Circuit held that a defendant's claim that his sentence is contrary to a subsequently enacted clarifying amendment is a nonconstitutional issue that is not cognizable under § 2255 absent a complete miscarriage of justice.  This is so because "§ 2255 is not a substitute for direct appeal."  *Id*. at 1331 (citation omitted).  Nonconstitutional claims, such as clarifying amendments to the Sentencing Guidelines, "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission

6

inconsistent with the rudimentary demands of fair procedure.'" *Id.* (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

Mitchell had sufficient opportunity to seek a four-level minimal role reduction at her original sentencing. She obtained a two-level minor role reduction, but did not argue for the minimal role reduction. Cr. Doc. 526 at 2–10. She did not appeal her sentence. A prisoner may only challenge a sentencing error as a "fundamental defect" on collateral review when she establishes that she is actually innocent of her crime or that a prior conviction used to enhance her sentence has been vacated. *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014). Mitchell argues neither of these things. Considering the circumstances, any alleged misapplication of the sentencing guidelines in this case—and Mitchell fails to establish such a misapplication—cannot be considered "fundamentally unfair" or "a miscarriage of justice" sufficient to support collateral relief under § 2255. *See Burke*, 152 F.3d at 1332. Mitchell is entitled to no relief on this claim in her § 2255 motion.

### III.   CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Mitchell be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that on or before October 4, 2018, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done, on this the 21st day of September, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge