IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LATASHA MARSHAY MITCHELL,<br>　　Petitioner, | : <br> : <br> : | |
| v. | : <br> : <br> : | CIVIL ACTION No. 3:16cv635-KKD<br>(WO) |
| UNITED STATES OF AMERICA,<br>　　Respondent. | : <br> : | |

**ORDER**

This action is before the Court on the Report and Recommendation of the Magistrate Judge. (Doc. 10). After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation dated September 21, 2018 is **ADOPTED** as the opinion of this Court.

Accordingly, it is **ORDERED** that Petitioner Latasha Marshay Mitchell's 28 U.S.C. § 2255 motion is **DENIED,** and that this case is **DISMISSED** with prejudice.

Additionally, Rule 11(a) of the Rules Governing § 2255 Proceedings states that the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a Section 2255 proceeding. Where the claims have been rejected on the merits, such as here, "to obtain a COA, a movant must make 'a substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2). To make this substantial showing, the movant must demonstrate that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,' or that the issues 'deserve encouragement to proceed further.'" Vernon v. United States, 2017 WL 6939207, *3 (11th Cir. Jun. 1, 2017) (unreported opinion), cert. den.,

138 S. Ct. 2638 (2018) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quotation omitted)). In her Section 2255 petition (as amended), Petitioner asserts that she is entitled to a mitigating role reduction to her sentence based on Amendment 794 to Section 3B1.2 of the Sentencing Guidelines. (Doc. 1). The Report and Recommendation found that Petitioner's "collateral attack waiver was knowing and voluntary…[c]onsequently, any claim seeking a mitigating role reduction based on Amendment 794 is barred from collateral review by the waiver provision in her plea agreement." (Doc. 10 at 6). Additionally, the Report and Recommendation found that even if not barred by the waiver provision in her plea agreement, she is not entitled to relief because the Petitioner did not challenge the sentencing error as a "fundamental defect" (by arguing either actual innocence or that a prior conviction used to enhance her sentence has been vacated). Upon consideration, the Court is not persuaded that Petitioner's contentions meet the threshold set forth *supra*, and thus finds that she is not entitled to a Certificate of Appealability (COA).

Moreover, "a[]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith is shown by "seeking appellate review of any issue that is not frivolous when examined under an objective standard." <u>Ghee v. Retailers National Bank</u>, 271 Fed. Appx. 858, 859-860 (11th Cir. 2008) (per curiam) (unpublished) (citing <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962)). An action is frivolous, and consequently not brought in good faith, if it is "without arguable merit either in law or fact." <u>Id.</u> (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)). "[A]rguable means capable of being convincingly argued." <u>Id</u>. at 860 (quoting <u>Sun v. Forrester</u>, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted)). Also, if a "claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed." <u>Id</u>. (citation omitted). Upon consideration of the issues addressed herein, the Court finds that any appeal by Petitioner of the

denial and dismissal of her Section 2255 motion would be without merit and as a result, not taken in good faith.  Accordingly, the Petitioner is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** this the **29th** day of **October 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**